OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Robert A. Ballou appeals his sentence rendered by the Ashland County Court of Common Pleas and entered via Judgment Entry-Sentencing on January 22, 2004.
{¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} Appellant pled guilty to three counts of sexual battery, felonies of the third degree.
{¶ 4} On January 20, 2003, the trial court held a sentencing hearing. At said hearing, the trial court heard from Appellant's trial counsel, Appellant, the State of Ohio and had before it a summarized pre-sentence investigative report.
{¶ 5} The trial court sentenced appellant to three consecutive four year prison terms. The trial court stated at the hearing that under R.C. 2929.14(E) that consecutive sentences were appropriate but failed to find that the consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public. (T. at 11-12).
{¶ 6} The trial court memorialized its sentence via Judgment Entry-Sentencing on January 22, 2004. It is from that entry appellant prosecutes his appeal, assigning as error:
 ASSIGNMENT OF ERROR
{¶ 7} "I. The imposition of consecutive sentences is against the manifest weight of the evidence and contrary to the law."
{¶ 8} Herein, appellant asserts the trial court failed to make two of the requisite findings for imposition of consecutive sentences as required by R.C. 2929.14(E). First, appellant contends the trial court failed to find consecutive sentences are not disproportionate to the seriousness of the offender's conduct. Second, appellant contends the trial court failed to find consecutive sentences are not disproportionate to the danger the offender poses to the public.
{¶ 9} Appellee concedes the trial court failed to make the requisite findings under R.C. § 2929.14(E).
{¶ 10} Accordingly, we reverse the trial court's sentence and remand this matter for re-sentencing. See, State v. Comer
(2003), 99 Ohio St.3d 463.
Boggins, J., Gwin, P.J. and Farmer, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is reversed and the matter remanded to that court for re-sentencing. Costs assessed to appellee.